Gaston, J.
 

 On the 11th of January, 1832, articles of
 
 *242
 
 agreement were executed between James O. Hale of the first pari, Ann Council Gause of the second part, and the plaintiff Samuel C. Gause of the third part, whereby, after reciting that the said Ann was seized in fee of certain lands in the county of Brunswick, and possessed of certain slaves therein named, and that a marriage was about to be had and solemnized between the said James O. Hale and the said Ann, it was covenanted and agreed, that the said James and Ann, in case the intended marriage should take effect, should and would, by some good and sufficient conveyance, settle and assure the said lands in and-to the said-Samuel, to the use and behoof of the said Ann during the term of her natural life, and, from and after her decease, to the use and be-hoof of the heirs of the body of the said Ann by the said James, lawfully tobe begotten, and, for the default of such issue, then to the use and behoof of the said Ann; her heirs and assigns forever, and for no other use, intent or purpose whatever; and that they should, also, by like good and sufficient conveyance, settle and assure the before named ne-groes in and to the said Samuel, to the use and'behoof of the said Ann, for and during her natural life, and, from and after her decease, to the use and behoof of the heirs of the body of the said Ann by the said James O. Hale, lawfully to be begotten, and, for default of such issue, then to the use and behoof of the said Ann, her heirs and assigns forever, and to and for no other intent or purpose whatever. The contemplated marriage took effect, no conveyance was made as stipulated by the marriage articles, and the husband, ever since the marriage, has remained in the use and enjoyment both of the lands and negroes, the subject ma'ü.ir of said articles. In 1838, the said husband having sold one of the said negroes, and negotiated for the sale oí others, the trustee, Gause, filed this bill against Hale and his wife, wherein he prays that conveyances maybe made under the directions of the court, so as to carry into execution the true intent of the marriage articles, and assure the land and negroes to the uses, trusts and purposes thereby contemplated, that it may be ascertained what negroes yet remain of those named in the articles and what issue they have had, that the defen
 
 *243
 
 dant Hale may be compelled to substitute property of equal value to the negro by him sold, which property shall be in-eluded in the assurance or assurances to be directed, that the plaintiff may, in the meantime, be secured against any fur* ther sales to be made by the said defendant, and for general relie_f. To this bill a joint answer was filed by Hale and wife, in which the execution of the marriage articles is admitted, but they say that these were signed without noticing their contents, that it was represented to them that the object was to secure the property to Mrs. Hale, and, if she had children by the marriage, to these children, and if she had none, then to her husband,
 
 if
 
 she should so choose; that they were entirely ignorant that any conveyances of the property were, after the marriage, to be made to the plaintiff, or that he was to have any control over the property. The defendant Hale admits the sale of negro woman Tinah, but excuses it on the ground of necessity; and both the defendants in said answer declare a strong repugnance that the plaintiff should be their trustee.
 

 No evidence has been offered, which supports the allegation, (if such an allegation can be understood as made in the answer,) that an imposition was practised on the husband, and much less on the wife, in obtaining the execution of the articles — -and nothing is shewn, except the
 
 opinions
 
 of witnesses, that the plaintiff is an unsuitable trustee, wherefore the trusts declared or intended by the articles should not be effectually secured. In regard to
 
 this
 
 objection we would observe that these vague opinions weigh nothing; that he is the trustee designated in the articles, whose duty it is to see them carried into execution; and that, should he hereafter prove incompetent or unfaithful, he will, on a proper case shewn in a regular proceeding for that purpose, be superseded and another appointed in his stead.
 

 In construing marriage articles, Courts of Equity are not restrained by the technical rules, which prevail in limitations of legal estates and executed trusts, but indulge in a liberal interpretation, so as to secure the protection and support of those interests, which, from the nature of the instrument, it must be presumed, were thereby intended to be se
 
 *244
 
 cured. Iu the present case, these were the interests of the wife and of the issue of the marriage. The manifest object of the articles is to put these beyond the control of the husband. Conveyances must therefore be prepared, by which there shall be secured to Mrs. Hale, an estate during her life, free from the debts of her husband, and during the coverture exempt from his power, with a limitation to such children as may be born of the marriage, equally to be divided between them, and in case of the death of any of them under age, or, if females, unmarried and under age, with limitations over to the survivors and survivor, and with an ultimate limitation over to Mrs. Hale in case there should be no such issue of the marriage, or none living at her death.
 

 There should also be a reference to enquire and report the slaves and the issue of the slaves, to be included in
 
 the
 
 settlement, and also the value of the slave sold by the defendant James, and what property of equal value should be sub-stitüted in the place thereof.
 

 And the cause is to be retained for further directions.
 

 Per Curiam,» Decreed accordingly.